IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE ABERCROMBIE, #258 008, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:15-CV-408-WKW [WO] |
| STATE OF ALABAMA, *et al.*, | ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility in Clayton, Alabama, files this 42 U.S.C. § 1983 complaining that Defendants subjected him to excessive force. Plaintiff names as defendants the State of Alabama, Warden Karla Jones, the ADOC Riot Team, Correctional Officer J. Wright, Correctional Officer Skurrock, and Sergeant Simmons. Upon review, the court concludes dismissal of Plaintiff's claims against the State of Alabama and the ADOC Riot Team is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.  DISCUSSION**

*A. The State of Alabama*

The State of Alabama is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Plaintiff's claims against the State of Alabama are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B. The ADOC Riot Team*

Plaintiff names as a defendant the "ADOC Riot Team." This designation does not adequately describe the person(s) to be sued so such person can be identified for service. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992); *see also New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 at n.1 (11th Cir. 1997) (fictitious party practice not permitted in federal court and plaintiff's failure to name parties required that court strike parties); *Watson v. Unipress*, 733 F.2d 1386, 1388 (10th Cir. 1984) (plaintiff did not amend complaint with identities of unknown defendants, and, therefore, no one directly involved in incident was named as defendant.). Accordingly, Plaintiff's complaint against Defendant "ADOC Riot Team" is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).[1] *See Neitzke*, 490 U.S. 319.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants State of Alabama and "ADOC Riot Team" be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. Defendants State of Alabama and ADOC Riot Team be DISMISSED as parties to the complaint; and

3. This case regarding the remaining defendant be referred to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 30, 2015**. Any objections filed must specifically

---

[1] If Plaintiff ascertains the true identities of the individuals associated with "ADOC Riot Team" who allegedly violated his constitutional rights, he is free to file a motion to amend the complaint. Any such motion should include information which specifically describes how the named individuals violated his constitutional rights.

identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 16th day of June, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE